## J. H. PIERCE *v.* H. L. JARNAGIN.

1. PARTNERSHIP.   *Lawyers.   Liability for copartner's acts.*
   Want of authority in a firm of lawyers to sell claims held for collection
   is no defence to a suit against one partner, to recover money paid
   the other by a purchaser for claims which he has not received.

2. CONTRACT.   *Rescission.   Plaintiff in default.*
   But such purchaser cannot sue if he has paid only part of the agreed
   · price, for he has not complied with the contract.

3. SAME.   *Ground for rescinding.   Consistent act.*
   The fact that the owner has reduced the claims to judgments for their
   full value constitutes no ground for a rescission of such contract.

4. VARIANCE.   *Allegata et probata.*
   The proof must conform to the pleadings.

ERROR to the Circuit Court of Noxubee County.
Hon. JAMES M. ARNOLD, Judge.

*J. H. Pierce*, the plaintiff in error, *pro se.*

1. This action was to recover what had been paid Jarnagin & Rives for the claims, for the full amount whereof judgments had been obtained long after the payment. Time is material in the purchase of claims against a third person. When the principal refused to ratify his agent's acts, and sued on the claims, Pierce was entitled to recover back his money. *Hanson* v. *Field*, 41 Miss. 712 ; *Jagers* v. *Griffin*, 43 Miss. 134 ; *Martin* v. *Tarver*, 43 Miss. 517 ; Story on Agency, § 300 ; *Cox* v. *Prentice*, 3 M. & S. 344 ; *Elliott* v. *Swartwout*, 10 Peters, 137 ; Smith's Merc. Law, 214 ; *LaFarge* v. *Kneeland*, 7 Cowen, 456. Jarnagin & Rives, who acted, as is insisted, without authority, have not accounted to their principal for the money, but have repudiated the contract.

2. Jarnagin's defence is, that the transaction was beyond the scope of the partnership, and rendered Rives alone liable. The rule, that an attorney holding a claim for collection cannot sell or compromise it, does not depend upon the doctrine of a partner's power to bind the firm. The ordinary business of a law partnership is to collect and settle claims, and frequently to compromise or sell them. The firm is bound by the acts of either partner, within the scope of the business, whether in excess of the authority given by the client or not. The act of a partner who exceeds the terms of the partnership renders his copartner liable, if the transaction is such that third persons may reasonably regard it as within the scope of the partnership business. *Heirn* v. *M'Caughan*, 32 Miss. 17 ; *Faler* v. *Jordan*, 44 Miss. 283 ; Story Part. § 108.

*Frank Johnston, S. M. Meek*, and *E. Dismukes*, on the same side.

*Rives & Rives*, for the defendant in error.

1. This is not a case of rescission by mutual agreement, nor one where the defendant first withdrew from the contract. The plaintiff himself gave it up, before any act of abandonment, if there was any, on the defendant's part. It is well settled that, under such circumstances, the plaintiff cannot recover money which he has advanced in part performance. *Ketchum* v. *Evertson*, 13 Johns. 359 ; *Morrison* v. *Ives*, 4 S. & M. 652.

2. An attorney intrusted with the collection of a claim has no authority to sell or compromise it.  Hence Rives's transactions with Pierce were beyond the scope of his authority, and could not bind his copartner, Jarnagin, who had no knowledge of them.  Jarnagin could only be bound by such acts of his copartner as were within the scope of the firm business, which was that of an ordinary partnership for the practice of law.

GEORGE, C. J., delivered the opinion of the court.

The plaintiff in error sued the defendant in error, in the court below, to recover the sum of $475, which he had paid to one Rives, now deceased, who was an attorney at law, and the partner of the defendant in error, Jarnagin.  It appears, that Rives, in the name of the firm and on its behalf, sold to the plaintiff certain claims, which the firm held for collection, at 25 per cent on their face value, amounting to the sum of $620 ; of which the plaintiff paid $475, at the time of his purchase and agreed to pay the remainder the next week.  The sale was not to be considered as consummated till the balance of the purchase money was paid.  The transaction took place in March, 1874, and soon afterwards Rives was attacked by a lingering disease, which terminated in his death in Sept., 1875. No entry was made of this contract on the books of Jarnagin & Rives ; and, being unconsummated, it was not communicated to the client.  It does not distinctly appear when Jarnagin, the defendant in error, first heard of the sale made by Rives ; but it does appear, from his own testimony, that when he did hear of it, his information was that it was an individual contract between Rives and the plaintiff in error, by which the plaintiff in error deposited the $475 with Rives to be used by him, as the plaintiff's representative, in the purchase of the claims.  The plaintiff in error never mentioned the transaction to Jarnagin till after Rives's death.  The balance of the purchase-money was never paid by the plaintiff in error, and when he demanded a return of the $475, now sued for, an offer was made to transfer to him the claims, which had then been reduced to judgments, if he would pay the balance of the money he had agreed to pay, which he declined to do.

The plaintiff claims, in his declaration, that Jarnagin & Rives, having full power to sell the claims, and making the agreement of sale as above stated, abandoned and violated the contract, by surrendering the claims to the client, without crediting the $475 on them, and that suits were afterwards instituted on them and judgments rendered for their full amounts. Jarnagin resists the recovery upon two grounds : First, that Jarnagin & Rives who held the claims for collection, had no power to sell them, that a sale of them was not within the scope of the partnership business, and that he gave no authority to Rives to contract in that matter in behalf of and in the name of the firm. Second, that the plaintiff is in default in never having paid the balance of the purchase-money, which, by the terms of the agreement made with Rives, was necessary to the completion of the sale.

In determining the validity of the first ground of defence, it becomes necessary to inquire into the power of Rives, as a member of the law partnership of Jarnagin & Rives, to bind the firm in the sale of claims placed in its hands for collection. A partner is not bound by the act of his associates, outside the scope of the partnership, unless he previously authorized or subsequently ratified it. The scope of a partnership is not capable of scientific definition, so as to remove all difficulty in determining what particular acts and transactions are within or beyond it. In some instances, the powers of the members of particular partnerships are fixed by law to a great extent. Thus, in commercial partnerships, each member has the power to bind the firm by borrowing money and making negotiable paper. In partnerships for farming and the practice of law, such powers do not exist. The powers of the members of a firm of any class may be enlarged by express stipulation between the partners or by the uniform usage of the firm. They may be diminished in the same way ; but a restriction placed on the usual powers of the members of any particular firm will have no operation as against third persons dealing with the firm without notice of the restriction.

The question whether any given act is within the scope of the business of any particular partnership is determined by

the nature of the business, and by the practice of persons engaged in it, and evidence on both these points is therefore necessarily admissible.   It is said, by an approved text-writer, that what is necessary to carry on the partnership business in the ordinary way, is made the test of the powers of the partners, where no actual authority or ratification can be proved. 1 Lindley on Part. 193, 194.   This necessity is not that which may arise from the peculiar exigencies of the firm, growing out of extraordinary circumstances of good or ill fortune attending its business.   It is not an exceptional and individual necessity, but such as arises from carrying on, in the ordinary way, the particular business in which the partnership is engaged.   That a commercial firm is rich and has no need to borrow money does not deprive any member of the firm of the usual power of such partnerships to borrow money ; nor does the fact that the peculiar condition, at any particular time, of a farming or law partnership is such that the borrowing of money would be necessary to save the property of the firm, confer on one of the partners the power to negotiate a loan in the name and on the credit of the firm.   The necessity, on the other hand, need not be absolute, in the sense that the business in which the partnership is engaged could not be carried on to any extent without the exercise of the particular power.   Certain powers in certain partnerships have long been recognized as useful and convenient for the transaction of the business in which they are engaged, and are usually exercised by the partners in the transaction of their business.   All these powers are granted to the several members of the firm by the mere formation of the partnership, and the necessity which justifies their exercise consists in this, that the business in which these ordinary powers are usually employed could not be carried on in the ordinary way without their exercise. Each member of a firm is therefore to be considered as holding his associates out to the world as having authority to transact all business and exercise all powers usually transacted and exercised by persons engaged in the business carried on by the partnership.   Jarnagin insists that because an attorney has no power to sell a claim placed in his hands for collection without special authority conferred by the client,

a sale of the claim, when this special authority has not been conferred, was beyond the scope of the business of the partnership.

We do not consider this want of authority on the part of the firm, as between it and the client, as the true test of the powers of the partners, *inter se*, as conferred by the partnership. That the act of the firm in any particular transaction does not bind the client, because he has not delegated the special authority requisite for its valid performance, is no reason why the same act, when performed by one member alone, should not bind his associates to all its legal consequences. A firm of lawyers may have a claim in its hands, as a mere deposit for safe-keeping, or to be delivered to another, and without the power of collection; yet, if one of them receive the money on it from the debtor, it would bind the other, because the latter has held his associate out to the world as having authority to collect claims placed in the hands of the firm for that purpose. The firm's want of authority from the creditor to receive the money would not have the slightest influence on the liability of the non-assenting member to the person who paid it. Attorneys do sell claims in their hands for collection when authorized specially by their client to do so. That is a part of their business when the authority is specially conferred. Can it be a defence to the firm that one of its members engaged in this business without first having obtained the requisite authority from its client? The firm, being engaged in that business, by that fact alone accredits to the world each of its members as having authority not only to speak on behalf of the firm in asserting its authority to sell, but also in acting for the firm in the transaction of the sale.

Attorneys at law, without special authority conferred, have no more power to compromise a claim, or to receive any thing but money in payment, than they have to sell a claim. Yet they do frequently, under power specially conferred, when the debtor is insolvent, compromise claims for less than their face value, and receive land and other property in payment. They also make sales of claims under similar circumstances. These acts, under the special authority conferred, thus become a part of their usual and ordinary business. To hold that,

when a member of a firm of attorneys performs one of these acts without special authority from the client, he is acting beyond the scope of the business of the firm is confounding two very distinct things, — the general powers of a partnership as resulting from the scope of its business, and its power to act in any particular case, so as to bind the client, as resulting from the particular instructions which the client may have given. When the question is as to the regularity of the partners' acts, as between them and their client, we refer to the power which the client may have given or withheld. But when the question is as to how far the act of one partner binds his associate, we look solely to the powers which they have mutually conferred on each other, in forming the association and in the mode in which they have conducted their business under it. A client may enlarge or diminish the powers of the attorneys employed by him, considering them simply as his agents; but to allow him to enlarge or diminish the powers of the members of the partnership, as between themselves, would make his will or caprice, not the solemn contract and agreement of the partners and the nature of the business they are engaged in, the test of the authority which any member of the partnership has to act for his associates. The charges given to the jury on this point were contrary to the views here expressed, and are therefore erroneous.

The verdict, however, is clearly right on the second point relied on. The plaintiff alleged in his declaration that Jarnagin & Rives had authority from the client to make the sale, and he complained that, notwithstanding this, they suffered the claims to be sued on, and judgments recovered for the full amounts, without crediting the $475. The proof shows that the remainder of the $620, which was the price of the claims, was to be paid during the next week, after the partial payment of $475, and that this sum was to be paid before the purchase was to be consummated. The plaintiff never paid this balance, nor offered to pay it. On the contrary, when, after Rives's death, he demanded a return of the $475, he was met by an offer to assign the judgments if he would pay the remainder, and he refused to do it. He had made a bargain by which he was to have the claims, only upon the payment of

$620. He had partially complied by paying $475. He now seeks to have the return of the $475, when he refuses to carry out the contract on his part. A person is not allowed to make a contract and refuse to perform his part of it, and then demand a rescission, and the consequent return of what he has paid in its partial execution ; and especially is he not permitted to do this when he can get the full benefit of the contract if he will perform his part.

The position relied on in the declaration and in the brief of the plaintiff in error does not establish the repudiation of the contract by Jarnagin & Rives. The bringing of the suits against the debtors and recovering judgments without giving them credit for $475, was not a repudiation thereof, but rather the contrary. The $475 was not a payment on behalf of the debtors on the claims, but a partial payment on a contract made between the attorneys and the plaintiff in error. If they had credited the amount on the claims, that would have been a repudiation of the agreement with the plaintiff in error, and would also have put it out of their power to comply with that contract when the plaintiff in error should pay the balance due on it. The bringing of the suits, and the recovery of judgments, was exactly what ought to have been done, in case Jarnagin & Rives intended to comply with the agreement of sale to Pierce.

The position taken in the brief of the plaintiff in error, that the sale made by Jarnagin & Rives was without authority from the client, and therefore conferred no rights on the purchaser, and for that reason he is entitled to a return of the money, cannot be available to the plaintiff, as he has distinctly alleged in his declaration that Jarnagin & Rives had such authority. He cannot make one case by his declaration and another by his proof.

*Judgment affirmed.*