[No. 1794. Decided July 20, 1895.]

## PHILIP NEIS, *Appellant*, v. MORGAN O'BRIEN, *Respondent*.

SALE — REFUSAL OF PURCHASER TO ACCEPT GOODS — RIGHTS OF PARTIES.

Where the purchaser of hops, after advancing part payment of the price, has refused, upon tender of the hops in accordance with the terms of the contract, to accept them and pay the balance due, under the alleged mistaken belief that they are not of the quality and description provided for by the contract, he cannot recover any portion of the advance payments made, although the hops are subsequently resold by the seller to another party, when the quality and description of the hops could have been determined by inspection, which it was the privilege of such purchaser to make, but which privilege he neglected to avail himself of.

*Appeal from Superior Court, King County.*

*Strudwick & Peters,* for appellant:

It seems to be established, that, in reselling the goods under circumstances such as appear in this case, the vendor occupies the relation of pledgee of the

goods from the vendee, or of an agent selling the goods on account of the vendee. Benjamin, Sales (4th ed.) § 787; *Dustan v. McAndrew*, 44 N. Y. 72; *Mason v. Decker*, 72 N. Y. 595 (28 Am. Rep. 190); 2 Schouler, Personal Property (2d ed.), § 548; Bishop, Contracts (2d ed.) §§ 1444, 1445.

*S. H. Piles*, and *Stratton, Lewis & Gilman*, for respondent.

The opinion of the court was delivered by

GORDON, J.—Respondent's demurrer to the complaint in this case having been sustained in the court below, and appellant electing to stand upon his complaint and refusing to plead over, judgment of dismissal was entered, from which judgment and order sustaining the demurrer, this appeal is taken.

Briefly stated, the complaint shows the following facts: On the 23d day of June, 1891, the parties hereto entered into a written contract, whereby the respondent agreed to grow on his farm in King county in the year 1891, twenty thousand pounds of hops of of a specified quality, and to deliver them to the appellant, at a place designated in the contract on or before the 31st day of October in that year. Upon his part appellant agreed to pay respondent 17 cents per pound for such hops as follows: 4 cents per pound or $800, at the time of the execution of the contract, 4 cents per pound, or $800, on the first day of September, 1891, (both of which payments he made) and the balance, or 9 cents per pound, upon the delivery of the hops. The respondent complied with this contract in every particular, and at the time and place fixed by the contract tendered the hops to the appellant, who thereupon refused to receive them or to pay the balance of the purchase price. Thereafter re-

spondent resold said hops for 13¾ cents per pound, whereupon appellant brought this suit to recover the sum of $950, the amount remaining in the hands of the respondent after reimbursing himself for the difference in price between the contract price and the price at which the hops were sold.

Appellant does not claim that the respondent did not keep the contract in every particular; he makes no claim that the hops tendered were not of the amount, kind and quality called for by the contract, or that they were not timely tendered at the place required by the contract. He alleges, however, that he refused to receive the hops from the respondent, "in good faith believing the said hops not to be of the quality and description mentioned in said contract, and believing that he had the right so to do."

The single legal proposition involved in this case is too well settled to warrant extended discussion. It was not the fault of the respondent that this contract was not fulfilled, but wholly the fault of the appellant. The respondent offered to perform all that the contract required of him, but the appellant, having made part performance, stopped short and refused to proceed to the completion of the contract. Under such circumstances, it would, we think, be contrary to public policy to permit him to maintain this action. The sum which he seeks to recover was paid by him in part performance of the contract, and would have inured to his benefit but for his subsequent default. To permit the appellant to recover under the circumstances of this case, we think, would be to establish a dangerous precedent, and in the language of the supreme court of Ohio in *Witherow v. Witherow*, 16 Ohio, 238:

"The establishment of such a principle would have a tendency to encourage the violation of contracts —

to diminish, in the minds of contracting parties, a sense of the obligation which rests upon them to perform their agreements. Any principle which would have such an effect ought not to be recognized as sound law. It is the duty of courts to enforce the performance of contracts, not to encourage their violation."

In *Hansbrough v. Peck,* 5 Wall. 497, the court say:

"No rule in respect to the contract is better settled than this: That the party who has advanced money, or done an act in part performance of the agreement, and then stops short and refuses to proceed to its ultimate conclusion, the other party being ready and willing to proceed and fulfill all his stipulations according to the contract, will not be permitted to recover back what has thus been advanced or done."

See, also, *Hapgood v. Shaw,* 105 Mass. 276; *Dula v. Cowles,* 7 Jones' Law, 290 (75 Am. Dec. 463); *Pierce v. Jarnagin,* 57 Miss. 107; *Leonard v. Morgan,* 6 Gray, 412.

The reason assigned by appellant for refusing to receive the hops furnishes no sufficient excuse in law for his abandonment of the contract. The "quality and description" of the hops could have been determined by inspection, which it was his privilege to make, but which he neglected to avail himself of.

Nor was the respondent required to retain the property after appellant's refusal to accept it in accordance with the contract. It was his right to sell the property to another. *Ketchum v. Evertson,* 13 Johns. 358 (7 Am. Dec. 384); *McKinney v. Harvie,* 38 Minn. 18 (35 N. W. 668).

The judgment appealed from will be affirmed.

ANDERS, DUNBAR and SCOTT, JJ., concur.

HOYT, C. J., dissents.