Argued October 28, reversed and remanded December 23, 1919.

## STANFIELD v. ARNWINE.

(185 Pac. 759.)

**Pleading—Reply not a Departure from Complaint.**

1. In an action by the purchaser of lambs for the seller's failure to deliver, where the complaint alleged that the seller failed and refused to deliver the lambs or any part of them, the allegation of the reply that those offered by the seller were undersized and unmerchantable, contrary to contract, did not constitute a departure.

**Sales—Trial—Effect of Erroneous but Honest Rejection of Goods Offered—Instructions not Applicable to Evidence.**

2. In action by buyer of lambs for seller's failure to perform, wherein the seller counterclaimed for the buyer's breach, the buyer was liable on the seller's counterclaim if the seller had in truth complied with the contract, even though the buyer honestly rejected the lambs offered as falling below his construction of the requirements of the contract, and instructions relative to the buyer's right to recover the part of the price paid in case of an honest rejection were not pertinent to the issues.

From Malheur: DALTON BIGGS, Judge.

In Banc.

This is an action for the recovery of money. The substance of the complaint is, that on August 12, 1918, plaintiff and defendant entered into a written contract whereby plaintiff was to purchase from defendant, 3,800 head of mixed lambs then on the range, being all of defendant's 1918 crop of lambs, at the agreed price of $9 per head; to be delivered, f. o. b. cars, at Crane, Harney County, Oregon. It is alleged, *inter alia,* that such lambs should not be "cripples, bums or burry wools," and should be "of good size, and in merchantable condition." Plaintiff, at the time of the execution of the contract, paid to defendant $5,000 of the purchase price, and on the date of delivery was at Crane, with his servants, ready to inspect, receive and pay for the sheep. The default of defendant is alleged as follows:

"Plaintiff alleges that defendant failed and refused, and still fails and refuses to deliver said sheep called for by said contract, or any part of same; that the plaintiff was ready and willing at the time called for in the contract, and ever since has been, and is still willing, to receive from the defendant the sheep called for by the contract, and pay for the same."

There are further allegations of expenses incurred by plaintiff in providing cars, etc., for the transportation of the sheep, and loss by reason of an increase in the market price of lambs, and a prayer for the recovery of the $5,000 advanced, and the other items of alleged damages, amounting, in all, to $9,085.23. Defendant answers, admitting the execution of the contract, and the receipt of $5,000 as an advance payment upon the purchase price of the lambs, but fur-

ther asserts that at the time and place specified for delivery, he had the lambs, and was ready, able and willing to deliver the same to plaintiff, in accordance with the terms of the contract, and so informed plaintiff, but that plaintiff repudiated the contract and refused to receive the lambs and refused to make payment of the remainder of the purchase price, and demanded a return of the $5,000 already paid. Defendant further alleges:

"That the defendant has always been, and now is, ready, willing and able to deliver to the plaintiff the said thirty-eight hundred head of lambs in accordance with the terms of the contract, and now holds said lambs in readiness to be so delivered at any time or place that said plaintiff might designate in substantially the same manner described in said contract."

Then follows a plea of counterclaim for damages in the sum of $7,600, and a prayer for the residue of such sum after applying the $5,000 payment thereon.

The reply, after several consistent denials, alleges:

"Plaintiff further replying to paragraph three of said further answer admits that on or about October 1, 1918, the defendant had, at Crane, Oregon, or offered to deliver to plaintiff, under said contract, about 2,800 head of lambs, but alleges that said lambs which the defendant so offered to deliver to plaintiff at said time did not come up to the terms and conditions and specifications of said contract of sale referred to in plaintiff's complaint, in that, and for the reason that said lambs so offered by the defendant under said contract were not of good size, and were not in merchantable condition; but, on the contrary, the same were undersized and in poor condition; and in no respect complied with the terms and conditions of said contract. Admits that it is true that the plaintiff refused to accept said lambs so offered at said time, and demanded that the defendant return to the plaintiff said $5,000 which plaintiff had paid to de-

fendant on said contract at the time the same was executed.''

There was a trial by jury, resulting in a verdict and judgment for plaintiff, from which defendant appeals.                    · REVERSED AND REMANDED.

For appellant there was a brief over the names of *Mr. Wallace McCamant, Mr. P. J. Gallagher* and *Mr. W. H. Brooke,* with oral arguments by *Mr. McCamant* and *Mr. Gallagher.*

For respondent there was a brief over the names of *Mr. E. R. Coulter, Messrs. Davis & Kester* and *Mr. O. B. Mount,* with oral arguments by *Mr. George E. Davis* and *Mr. Coulter.*

BENSON, J.—There are a great many assignments of error, but we need not consider more than two of them, since all of the remainder are substantially involved therein.

1. The first of these is, that the allegations of the reply, regarding the condition and quality of the lambs that were offered by defendant for delivery at Crane, constitute the issue upon which plaintiff's recovery is based, and that these allegations present a cause of action not set out in the complaint and are therefore a departure. The allegation of the complaint is:

''That defendant failed and refused and still fails and refuses to deliver said sheep called for by said contract, or any part of same.''

Defendant interprets this averment to mean that no lambs whatever were tendered for delivery. It is equally susceptible, however, of the meaning, that while defendant did offer certain lambs for delivery,

they were not of the kind "called for by said contract," and this, in fact, was what the plaintiff intended thereby. The reply is not inconsistent with the complaint and does not contain a departure. The most that can be said of the complaint in this respect is, that it is a defective statement of the cause of action.

2. The next question for our consideration arises upon certain instructions given to the jury by the trial court, the first of which is as follows:

"There has been a $5,000 payment made to the defendant in this case. The plaintiff sues to recover this $5,000 and also to recover damages for the alleged breach of the contract on the defendant's part. The rule of the law governing your conclusion in reference to this $5,000 will differ somewhat from the rule of law governing damages. It is the law, Gentlemen, that where one party under a contract of sale has made a payment down on the purchase price, that he may not recover that $5,000 back if he has wholly abandoned, repudiated, refused, or failed to carry out his contract, but he is entitled to recover the $5,000 unless he has wholly failed, refused, and abandoned his contract. Even though, in this case, you should find that the sheep were of the quality required by this contract and that Stanfield, or Stanfield's agent, through an error of judgment turned these sheep down, and failed to accept them, plaintiff would still be entitled to recover, unless you find that he wholly failed and refused to comply with his contract, and abandoned the same. Even though there was an error in judgment on the part of Stanfield, or his agent, in refusing to accept these sheep, if his agent, in good faith, believed that he was right and turned the sheep down, and did not wholly abandon or refuse to carry out his contract, for any other reason than an error of judgment, he would still be entitled to recover the $5,000."

94 Or. —25

The other instructions of which defendants complain are an elaboration of the doctrine above quoted. In support thereof, plaintiff relies upon the authority of *Hanley* v. *Combs,* 48 Or. 409 (87 Pac. 143), and this appears to have been the authority by which the trial court was guided in framing his charge to the jury. It must be observed, however, that there is a marked difference in the issues presented by that case and by the one at bar. In the former, the complaint sought nothing but a recovery of the advance payment which had been made upon the purchase price of cattle, because the defendant had wrongfully rescinded the contract. The defendant answered admitting the rescission, justifying it upon the ground that the plaintiff had abandoned the contract, whereby he had lost his right to recover the partial payment. The action was not upon the contract, to recover damages for the breach thereof, but as for money had and received, both parties treating the contract as a thing of the past. In the instant case, however, we find both parties treating the contract as still in effect. Both allege their readiness and willingness to perform, and both seek damages for a breach. The present action then, is nothing more than an action for damages for a breach of the contract, with a counterclaim of like character upon the part of the defendant. The law applicable thereto is quite different from that which should be applied where the contract has been rescinded. The distinction is clearly expressed by Mr. Chief Justice BEAN in the case of *Hanley* v. *Combs,* 48 Or. 409 (87 Pac. 143), in these words:

"The mere refusal to pass cattle which in fact complied with the contract, if done in good faith, would not of itself amount to such a repudiation, and would not justify the defendant in rescinding the contract,

although it might render plaintiff liable in damages for a breach thereof."

In an action like the one before us, the questions presented are: Has there been a breach of the contract? If so, by whom? And which party is entitled to recover? In such an action, the plaintiff is liable upon defendant's counterclaim, if, in truth, defendant has complied with the terms of the agreement, even though plaintiff honestly rejected the lambs as falling below its demands. The instructions were therefore not pertinent to the issues. For this there must be a reversal.

We do not pass upon the question as to whether or not the allegations of the complaint are sufficient when measured by the doctrine announced in *Barnard* v. *Houser,* 68 Or. 240 (137 Pac. 227), since upon a retrial the plaintiff will have an opportunity to amend his complaint, and thereby avoid any unnecessary doubt.

The judgment is reversed and the cause remanded for a new trial.　　　　REVERSED AND REMANDED.