[No. 16275.   Department Two.   April 5, 1921.]

## BROOKS TAYLOR, *Respondent,* v. O. J. FOSTER, *Appellant.*[1]

CONTRACTS (175)—ACTIONS FOR BREACH — NONPERFORMANCE BY PLAINTIFF—SALES—REMEDIES OF BUYER—RIGHT OF ACTION TO RECOVER PRICE PAID. Where plaintiff made a tentative contract with defendant for $2,000 worth of furniture for a house which he contemplated buying, selecting some of the furniture and paying down $250, and later selected and paid for additional furniture of the value of $67.25, and directed that the articles covered by his payments amounting to $317.25 be sent to his father's home, as he could not get possession of the house contemplated, the defendant's refusal to make delivery at a time when plaintiff had not yet closed the deal for the house was a breach of contract, entitling plaintiff to the recovery of the money paid.

[1]Reported in 197 Pac. 21.

Appeal from a judgment of the superior court for Walla Walla county, Mills, J., entered September 27, 1919, upon findings in favor of the plaintiff, in an action on contract, tried to the court. Affirmed.

*Cary M. Rader* and *M. A. Stafford,* for appellant.
*Sharpstein, Smith & Sharpstein,* for respondent.

TOLMAN, J.—Respondent brought this action, as plaintiff below, to recover from appellant, as defendant, the sum of $317.25, alleged to have been paid for furniture and house furnishings purchased but not delivered to him. From a judgment as prayed for, the appellant brings the case here on appeal.

As we view the case, after a study of the record, the questions involved are of fact only.

The evidence, in the number of witnesses at least, preponderates in supporting the respondent's theory that he, his wife, and a friend went to appellant's place of business and informed him that they were negotiating for the purchase of a certain house, and if they obtained it they would want a considerable amount of furniture. That, pending these negotiations, they decided to examine appellant's stock, obtain prices, etc., learn what it would cost approximately to furnish the house, and perhaps make tentative selections. They did so examine appellant's offerings, made certain selections, which they claim were tentative only, and which appellant claims were absolute, except only for the condition that the purchase should depend upon their obtaining the house for which they were negotiating. At this time, respondent gave appellant a check for $250, which he claims was a payment in full for certain specified articles he was to take in any event, and which appellant claims was earnest money on a

contract to take some two thousand dollars' worth of furniture then selected, if the house was purchased. A few days later, respondent definitely selected articles aggregating $67.25 in value; gave appellant an additional check for that amount; stated that he could not get possession of the house at that time, and ordered the goods as theretofore selected, amounting in value to the whole amount paid, to be delivered at his father's home, with a view, apparently, of thus closing the entire transaction. Appellant admits these goods were ordered delivered, but he contends that respondent's liability to take the whole of the goods was definitely recognized, and that he agreed to release respondent upon the remainder of the purchase only in the event that respondent did not succeed in purchasing the house in contemplation. That later he learned that respondent had purchased the house; refused to deliver the goods, and insisted that respondent carry out the transaction as originally intended.

The evidence is directly conflicting upon the vital points, and while we might very well hold that it preponderates in supporting respondent's theory, yet, as the trial court did not directly and fully so find, we, not having heard the witnesses in person, hesitate to do so. It does appear, however, without serious conflict, that, at the time the second check was given, appellant agreed to make delivery of the articles selected aggregating in value the amount of the payments then made; that, at that time, respondent had not succeeded in purchasing or obtaining possession of the house, and that he did not succeed in closing the deal for the house until some days—possibly some weeks—after appellant had refused to make delivery of the goods to the amount of the money paid, as agreed.

If the contract was as appellant contends, he was bound to make delivery as agreed, and was not justified in refusing such delivery upon the mere suspicion that the purchase of the house had been consummated. His failure in this respect was a breach of the contract on his part, justifying respondent in going no further, and entitling him to a return of the money paid. The case of *Neis v. O'Brien*, 12 Wash. 358, 41 Pac. 59, 50 Am. St. 894, upon which appellant chiefly relies, has no application to this state of facts.

The judgment of the trial court is right and is therefore affirmed.

PARKER, C. J., MAIN, MITCHELL, and MOUNT, JJ., concur.