Opinion.

FOSS-HUGHES COMPANY, a corporation existing under the laws of the State of Pennsylvania, d. b. a., *vs.* FREDERICK B. NORMAN, p. b. r.

1. SALES—RESCISSION BY MUTUAL AGREEMENT HELD NOT SHOWN.

Correspondence *held* insufficient to show rescission by mutual agreement of a contract to purchase an automobile.

2. CONTRACTS—FOR RESCISSION BY MUTUAL CONSENT PARTIES MUST AGREE.

Where mutual assent is invoked as the ground for rescission of a contract, all the parties must consent, and there must be a meeting of the minds thereto.

3. CONTRACTS—CONTRACT MAY DISCHARGE PREVIOUS ONE OR MERELY RATIFY IT.

A new contract concerning the same matter as previous one, so inconsistent therewith that they cannot stand together, may be construed to discharge the former, though, if merely different in terms, with same legal effect, the second is merely a ratification of the first, and they must be construed together.

4. CONTRACTS—NEW CONTRACT WITHOUT EFFECT ON OLD CONTRACT, IF NOT PERFORMED.

Where a new contract is consistent with the continuance of the former one, and only provides a new mode of discharging such former one, it has no effect, unless or until it is performed.

5. SALES—CONTRACT HELD NOT TO CONSTITUTE RESCISSION AS MATTER OF LAW OF PREVIOUS ONE.

A contract *held* not to constitute a rescission as a matter of law of a previous one for the purchase of an automobile.

6. SALES—PURCHASER OF AUTOMOBILE HELD NOT ENTITLED TO RECOVER DEPOSIT AFTER REFUSAL TO ACCEPT DELIVERY.

One contracting to purchase an automobile and making a deposit thereon *held* not entitled to recover the deposit after deciding not to carry out the contract and refusing delivery.

(*February* 12, 1923.)

RICHARDS and RODNEY, J. J., sitting.
*Clarence A. Southerland* for defendant below, appellant.
*George W. Lilly* for plaintiff below, respondent.

Superior Court for New Castle County, January Term, 1923. No. 207, September Term, 1922.

32 Del.]     FOSS-HUGHES CO. vs. NORMAN     109

Opinion.

The Foss-Hughes Company on March 11, 1920, agreed to sell Norman a Pierce-Arrow Sedan motor vehicle for the sum of $9,100, on which a deposit of $1,000 was made by Norman. The purchase not being completed by the buyer and a considerable time having elapsed, The Foss-Hughes Company on September 11, 1920, by letter to Norman, stated that it was their understanding—

"that it will be satisfactory to you for us to retain the present deposit of $1,000 until such time as you are ready to purchase from us a Pierce-Arrow car, at which time this deposit will be applied toward the purchase price of the car, and that in addition to this, should we be put to any expense in reselling the Sedan we now have here ordered for you, you will pay us for the cost of any changes that may be necessary. * * * If this arrangement agreed with your understanding, we will be glad to have your acknowledgment."

On the following day (September 17, 1920) Norman wrote the Foss-Hughes Company:

"We have your letter of September 16th in reference to the one thousand ($1,000) dollars deposit you have from the writer covering one of your cars. It is entirely satisfactory to the writer, as outlined in your letter, and we trust conditions will right themselves in the near future so that I can take delivery of one of your cars. Thanking you for the courtesies extended to me, for I do want you to know that I appreciate the attitude your company has taken toward me in this matter, I am," etc.

Here the matter rested until March 29, 1921, when Norman again wrote the Foss-Hughes Company as follows:

"Owing to the depression we have had during the past few months the writer has found it necessary to cancel order for one of your cars and would thank you for return of the deposit. Normal business conditions will immediately interest me again in your product, but at this time actual cash is necessary to promote business interests in Wilmington."

The Foss-Hughes Company refused to return the deposit and suit therefor was instituted by Norman; the first count of the declaration setting out the above correspondence. In the declaration the common counts were also added. The defendant demurred to the first count in the declaration and the case came before this court upon such demurrer.

RODNEY, J., delivering the opinion of the court:

[1, 2] It is contended by the plaintiff that his previously existing contract to purchase the motor vehicle was rescinded by the subsequent correspondence; that thereafter the Foss-Hughes

Company simply retained the deposit, theretofore made, to be applied on account of the purchase price of a motor vehicle in case he, Norman, subsequently decided to purchase one, but that there was no liability upon him to make such purchase. The plaintiff contends, in short, that the pre-existing contract was rescinded by mutual consent as evidenced by the correspondence and that no new valid contract was entered into. We cannot agree with this contention.

It is elementary that where mutual assent is invoked as the ground for rescission of a contract that all the parties must consent and there must be a meeting of their minds thereto. The defendant denies assent to such rescission and there is nothing before us but the correspondence from which to determine either a rescission by mutual consent or a rescission by operation of law. We find nothing in the correspondence indicating any mutual consent to the rescission of the contract.

[3] Is the contract then rescinded by operation of law? While it is true that if parties to a contract make a new and independent agreement concerning the same matter and the terms of the latter are so inconsistent with those of the former that they cannot stand together, the latter may be construed to discharge the former, yet it is also true that though they may differ in terms, if their legal effect is the same the second is merely a ratification of the first and the two must be construed together. *Rhoades v. Chesapeake, etc., R. Co.*, 49 *W. Va.* 494, 39 *S. E.* 209, 55 *L. R. A.* 170, 87 *Am. St. Rep.* 826.

[4] Where a new contract is consistent with the continuance of the former one and only provides a new mode of discharging such former one, it has no effect unless or until it is performed. *McDaniels v. Robinson*, 26 *Vt.* 316, 62 *Am. Dec.* 574.

In 3 *Elliott on Contracts*, § 1866, it is set out:

"Modifications do not abrogate the original contract entirely, but, on the contrary, the terms of the old contract are still to be followed so far as not changed or inconsistent with the new terms and the governing contract may be said to be composed of the new terms and the unchanged terms of the old. And the intention to discharge a contract will not be presumed from a mere promise to accept performance at a time or place other than that stipulated in such contract [citing cases]. The inconsistency of the new terms with

the old must be such that they cannot stand together or it must at least in some way appear that the parties intended to discharge the old contract in order for the new agreement to have that effect in itself."

See, also, *Uhlig v. Barnum*, 43 *Neb.* 584, 61 *N. W.* 749.

[5] The precise terms of the original contract are not before us, but it sufficiently appears that it concerned the purchase by the plaintiff from the defendant of a Pierce-Arrow Sedan motor vehicle. This is the precise subject of the subsequent correspondence and the only modification is that the time of delivery should be at the option of the plaintiff himself. We find no ground in this for the rescission of the contract by operation of law. *Bacon v. Cobb*, 45 *Ill.* 47.

[6] The sole remaining question then is as to whether the plaintiff can recover his deposit. There are many statements in the text-books and many reported cases holding that even after a default by the buyer he has been permitted to recover his advance payments. The reason for this is that since, in case of default by a buyer, the damages collectible by the seller would have been the difference between the agreed price and the market value of the property at the time and place of delivery, that, therefore, the seller cannot be put in a better position by a partial failure of compliance on the part of the buyer by allowing the seller to retain the deposit, than the seller would have occupied in case the buyer had defaulted in *toto*, since in many instances the deposit would exceed the damages sustained by the seller. Among the cases so holding may be included *Miller v. Steen*, 30 *Cal.* 402, 89 *Am. Dec.* 124; *Wilcox v. San Jose Fruit Packing Co.*, 113 *Ala.* 519, 21 *South.* 376, 59 *Am. St. Rep.* 135; *Pierce v. Straub*, 78 *Conn.* 459, 62 *Atl.* 760, 3 *L. R. A.* (*N. S.*) 785, 112 *Am. St. Rep.* 163.

The present case must, however, not be confused with the cases cited. In all of them the vendor, himself, had either rescinded the contract, because of the buyer's breach, and had himself refused to carry out the contract or had put it out of his own power to carry out the contract. All of these facts or circumstances are lacking in the present case. Here the plaintiff had made a deposit on account of the purchase of a motor vehicle; he did not pay or offer to pay the balance due; he does not desire to complete

the purchase and, upon the refusal of the defendant to repay the deposit, has brought suit therefor. There has been no rescission of the contract by the vendor which has at all times held itself ready to comply with the contract by the delivery of the motor car. We have found no case, nor has any been referred to us by counsel, where under any similar facts recovery has been had. In the following cases such right of recovery has been expressly denied. *Webb v. Steiner*, 113 *Mo. App.* 482, 87 *S. W.* 618; *Kane v. Jenkinson, Fed. Cas. No.* 7,607; *Walter v. Reed*, 34 *Neb.* 544, 52 *N. W.* 682; *Gibbons v. Hayden*, 3 *Kan. App.* 38, 44 *Pac.* 445; *Stevens v. Brown*, 60 *Iowa* 404, 14 *N. W.* 735; *Hansbrough v. Peck*, 5 *Wallace* 497, 18 *L. Ed.* 520; *Ketchum v. Evertson*, 13 *Johns.* (*N. Y.*) 359, 7 *Am. Dec.* 384; *Jennings v. Camp*, 13 *Johns.* (*N. Y.*) 94, 7 *Am. Dec.* 367; *Karp v. Ritter & Co.*, 110 *Misc. Rep.* 668, 180 *N. Y. Supp.* 769.

The demurrer must, therefore, be sustained.