## HENDRICKSON v. ANDERSON.

Defendant contracted with plaintiff and another to sell them a stock of goods consisting of merchandise and trade fixtures contained in a store, plaintiff to pay a certain sum down and a further sum to be determined by the amount of the invoice of "said stock of goods."

**Held,** that the term "stock of goods" embraced the fixtures as well as merchandise, and they were to be invoiced at wholesale prices.

Plaintiff having refused to invoice any of the fixtures at wholesale prices, insisting upon actual values, and having thereby prevented defendant's performance of the contract, could not recover the payment he had made, even if some of the fixtures being not bought through wholesale houses were not covered by the contract, or if, though covered thereby, they should from necessity be invoiced on some other basis than the rest of the goods.

(Opinion filed, April 6, 1909.)

Appeal from Circuit Court, Moody County. Hon. JOSEPH W. JONES, Judge.

Action by H. A. Hendrickson against J. H. Anderson. From a judgment for defendant and an order denying a new trial, plaintiff appeals. Affirmed.

*Robertson* & *Dougherty*, for appellant. *Rice* & *Benson*, for respondent.

WHITING, J. This action comes before this court upon an appeal by the plaintiff from the judgment of the trial court in favor of the defendant, and from an order of such trial court refusing to grant a new trial herein.

The question involved in this case is very simple. It appears that the parties hereto, together with one McKechnie, entered into the following contract: "Witnesseth, that the said party of the first part, in consideration of the sums hereinafter mentioned to be paid to him by the parties of the second part, does hereby agree to convey, sell, and put in possession of said Wilfred McKechnie, of the second part, one certain stock of drugs, and notions and jewelry and fixtures, now located and situate in the store building located on the east half of lot 8 and west half of lot 9, block 20, original plat of the village of Egan, except certain schoolbooks belonging to Moody county, S. D. The said parties of the second part agree to pay to the said party of the first part as follows, to wit: The said H. A. Hendrickson agrees to pay said J. H. Anderson the sum of one hundred and no|100 ($100.00) dollars at the time of signing the contract, or within three days after said signing, and the further sum which is to be determined by the amount of the invoice of said stock of goods, being the amount of

said invoice less the $100.00 above mentioned, and less the further sum of $500.00 (the payment of which is hereinafter provided for) on March 1, 1905. And the said Wilfred McKechnie of the second part agrees to pay said J. H. Anderson of the first part the sum of five hundred and no|100 dollars ($500.00) as follows: Forty and no|100 dollars ($40.00) April 1, 1906; forty and no|100 dollars ($40.00) May 1st, 1906; forty-five and no|100 dollars ($45.00) June 1, 1906; seventy-five and no|100 dollars ($75.00) January 1, 1907; and one hundred and fifty and no|100 dollars ($150.00) January 1, 1908, and one hundred and fifty and no|100 dollars ($150.00) on June 1, 1909, all with interest at 8 per cent. per annum from March 1, 1905. The said J. H. Anderson agrees to surrender the said stock of goods to the said Wilfred McKechnie on the first day of March, A. D. 1905, at which time the invoice of said goods is to be made, which invoice is to be taken at wholesale price, which price shall determine the value and selling price of said stock. The said J. H. Anderson agrees to transfer a certain lease of the premises heretofore described, which he now holds to said Wilfred McKechnie, guaranteeing the said Wilfred McKechnie the occupancy of said building and premises for three years from January 1, 1905, upon said Wilfred McKechnie paying a rental of $175.00 per year, payable monthly. And the said Wilfred McKechnie further agrees to pay to the said H. A. Hendrickson the following sums, to wit: Forty dollars ($40.00) on the first day of April, 1905, and forty dollars ($40.00) the first day of each succeeding month for eleven months, viz., until April 1, 1906, the last payment being March 1, 1906. These payments are made in consideration of said H. A. Hendrickson making the payments heretofore named to said J. H. Anderson. The said Wilfred McKechnie agrees to give to the said H. A. Hendrickson a chattel mortgage on said stock for the amount of his indebtedness to him, and further agrees to give to said J. H. Anderson a chattel mortgage on said stock for the amount of his indebtedness to said Anderson, subject, however, to above mortgage given to said Hendrickson. The said Wilfred McKechnie further agrees to pay said H. A. Hendrickson the sum of forty dollars ($40.00) monthly, beginning July 1, 1906, until the full amount of said Hendrickson's

payments to said Anderson have been paid to him. All sums due said Hendrickson to bear ———— per cent. interest per annum from date of payment to said Anderson. Witness our hands the day and month and year above mentioned. Witness: E. M. Green, F. A. Ilsley. J. H. Anderson, Wilfred McKechnie, H. A. Hendrickson." The $100 payment was made by the plaintiff, and upon March 1st the plaintiff and McKechnie were ready and willing to close up the transaction evidenced by said written contract, as was also the defendant, but a dispute arose at that time, McKechnie, the plaintiff, being present, claiming that under said contract and according to the understanding of the parties the fixtures were to be invoiced at their actual value and not at wholesale price, while Anderson maintained that, under the contract, they were to be invoiced and taken at their wholesale price. It appears that part of the fixtures were those made by local carpenters, and not goods bought through wholesale houses, and that the fixtures consisted largely of show cases and things bought from the supply house. Owing to the above dispute the deal was not consummated, and, the defendant having refused to return the $100, the plaintiff brought this suit to recover the same. It will be seen then that the sole question in this case is whether or not the contract provided that the fixtures be invoiced at wholesale price.

A careful reading of the contract we think is sufficient to show that the words "stock of goods" and the word "goods," when used in relation to the delivery or possession and invoice of the property in question, refer not only to the drugs, but to the whole stock, drugs, notions, jewelry, and fixtures. In fact, the appellant virtually concedes this by admitting in his brief that, in his opinion, if all of the fixtures had been those bought through wholesale houses, that the court would be justified in construing that all of these goods were to be invoiced at wholesale prices. Therefore, interpreting this contract to provide that all of the goods be invoiced at wholesale prices, and the plaintiff through McKechnie having insisted that, not only the home-made articles, but all the fixtures be invoiced at their actual value, the plaintiff is in no position to ask for a return of this money, no matter if, under this

contract it could be held, either that home-made articles are not covered by it at all, or that such articles while included in the sale should from necessity be invoiced on some other basis than the rest of the goods. Undoubtedly in the great majority of cases where a large stock of goods is sold to be invoiced at wholesale prices there are more or less articles to be found therein which were not originally purchased from some supply house, but this fact certainly does not vitiate the contract, and undoubtedly in the majority if not all, cases, invoices could readily be made by comparison of the home-made article with articles for the same purpose and of similar design furnished by supply houses; but in this case, as we have hereinbefore stated, the refusal of the plaintiff to invoice any of the fixtures at wholesale prices is a bar to his right to recover, and the court was fully justified in directing a verdict in favor of the defendant herein as was done.

The judgment of the lower court and order denying a new trial are affirmed.

SMITH and McCOY, JJ., not sitting.