## SNYDER v. JOHNSON.

No. 3485. Opinion Filed December 8, 1914.

(144 Pac. 1035.)

1. **VENDOR AND PURCHASER—Default by Purchaser—Right to Recover Money Paid.** Where a vendee contracts to purchase certain real estate, and, after paying a part of the purchase price, makes default, he cannot maintain an action to recover the money so paid.

2. **SAME—Rescission of Contract—Sufficiency of Evidence.** Evidence examined, and **held** insufficient to sustain an allegation of mutual rescission of a contract after default of the vendee. (Syllabus by Rittenhouse, C.)

*Error from District Court, Grant County;*

*W. M. Bowles, Judge.*

Action by Gust Johnson against S. S. Snyder. Judgment for plaintiff, and defendant brings error. Reversed and re-manded.

*F. G. Walling* and *C. S. Ingersoll,* for plaintiff in error.

*Sam. P. Ridings,* for defendant in error.

Opinion by RITTENHOUSE, C. On June 10, 1909, S. S. Snyder, plaintiff in error, who was defendant below, sold to Gust Johnson, defendant in error, who was plaintiff below, the southeast quarter of section 12 in township 25 north, range 6 west of the Indian meridian, for a consideration of $13,000; $9,000 to be paid in cash, and the balance of $4,000 secured by mortgage due in one year. One thousand dollars which was to be applied as part payment on the purchase price was paid at the time of entering into the contract. It is alleged and proven that after making said contract, and after paying to the said defendant the sum of $1,000, plaintiff was unable to pro-cure funds sufficient to make the balance of the cash pay-ment, and was thereby unable to carry out his part of the con-tract as to the purchase of said land; that said deed had been placed in escrow; and that, after the plaintiff had informed the defendant that he was unable to make the payment to car-ry out said contract, the defendant withdrew the deed from escrow, and demand was made upon him to refund the $1,000, which he refused to do. This action was brought to recover the $1,000 advanced as part payment on the land. At the conclu-sion of plaintiff's testimony defendant filed a demurrer, which was overruled, and exceptions saved.

In the case of *Battle v. Bank,* 5 Barb. (N. Y.) 414, it is said:

"The cases in which a vendee is allowed to recover back the money paid on a contract for the purchase of real estate, where the contract has been rescinded, are: First, where the rescission is voluntary, and by the mutual assent of both par-ties, and without the default or wrong of either; second, where the vendor is incapable or unwilling to perform the contract on

his part; or, third, where the vendor has been guilty of fraud in making the contract."

In the case of *Baston v. Clifford*, 68 Ill. 67, 18 Am. Rep. 547, it is said:

"The cases wherein the vendee may maintain an action to recover back money paid by him under a contract for the purchase of real estate, where the contract has been rescinded, are: First, where the rescission is voluntary, and with the mutual consent of the parties, and without default on either side; second, where the vendor cannot or will not perform the contract on his part; third, where the vendor has been guilty of fraud in making the contract;  *  *  *  fourth, where, by the terms of the contract, it is left in the purchaser's power to rescind it by any act on his part, and he does it; fifth, where neither party is ready to complete the contract at the stipulated time, but each is in default."

It is said by Sutherland in his work on Damages (volume 2, p. 585):

"If a vendee who has partly performed makes default, in consequence of which the sale fails of consummation, he is seldom entitled to relief or compensation for his part performance. He cannot recover a deposit or the money paid. If the vendor has in his hands a sum paid him on the contract of purchase largely in excess of the damages sustained by him in consequence of the loss of the bargain, he may retain it, because, while the contract subsists, the party in default cannot recover it, or any equivalent of it, in damages, the vendor not being in default."

In the case of *Helm v. Rone*, 43 Okla. 137, 141 Pac. 678, which was a case where the defendant in error was the owner of real estate in Oklahoma City, and entered into a written contract with the plaintiff in error to sell the same to her, she paying $1,000 on the purchase price and agreeing to pay $2,775 on July 5, 1908, the deed to be put in escrow and be delivered to her on payment of that sum, the contract provided that time was the essence of the contract. Pursuant thereto, the purchaser took possession of the property and collected the rents, but failed to pay the $2,775, as agreed, and thereafter defendant took possession of the property and sold it to another,

whereupon plaintiff sued to recover the $1,000, but the court held that, where a party advances money in part performance of an executory contract of sale, and afterwards breaches his contract, he cannot recover the money paid. *Hansbrough v. Peck,* 72 U. S. (5 Wall.) 497, 18 L. Ed. 520; *Green v. Green,* 9 Cow. (N. Y.) 46; *Glock v. Howard & Wilson, etc.,* 123 Cal. 1, 55 Pac. 713, 43 L. R. A. 199, 69 Am. St. Rep. 17; *Downey v. Riggs,* 102 Iowa, 88, 70 N. W. 1091.

It is contended in the brief of plaintiff in error that, after default was made by the vendee, there was a mutual rescission of the contract, and for that reason the defendant would be liable for the money advanced as part payment of such contract. This would be true if there were anything in the record which would substantiate the contention; but, inasmuch as the record fails to disclose facts, either in the pleadings or the evidence, which would support the contention that there was a mutual rescission of the contract, we cannot sustain the judgment. The evidence shows that at all times the defendant was ready, willing, and able to perform all the conditions of the contract, and that it was through no fault of his that the default was made. The taking down of the deed from escrow after the vendee. had informed the vendor that he was unable to perform his contract was not such a mutual rescission as would entitle the vendee to recover the money advanced on the purchase price of such land.

We therefore conclude that the court erred in overruling the demurrer to the evidence, and the cause should be reversed and remanded.

By the Court: It is so ordered.