## CLAREMORE TOWN-SITE CO. v. BURKE.

No. 6626.   Opinion Filed February 29, 1916.

(155 Pac. 897.)

**VENDOR AND PURCHASER—Action by Purchaser—Recovery of Money Paid.** C. T. contracted to sell certain lots in the town of Sallisaw to B., for a part cash consideration and balance of said consideration to be paid in installments. After the contract of sale, C. T., by mistake, conveyed the lots sold to B. to M., and upon discovery of the mistake, secured a reconveyance of said lots to it, and, upon being sued for a breach of said executory contract of sale by B., was in a condition to and offered to convey by good deed the lots to B., upon the payment by B. of the balance agreed to be paid for said lots. Held, that the conveyance of said lots by mistake to M. did not entitle B. to maintain an action against C. T. for a recovery of the money paid by him under said executory contract of purchase.

(Syllabus by Collier, C.)

*Error from District Court, Rogers County;*

*T. L. Brown, Judge.*

Action by J. H. Burke against the Claremore Town-Site Company, a corporation. Judgment for plaintiff, and defendant brings error. Reversed and remanded.

Claremore Town-Site Co. v. Burke.

*Jno. Q. Adams* and *Richard H. Wills,* for plaintiff in error.

*Holtzendorff & Holtzendorff,* for defendant in error.

Opinion by COLLIER, C. This appeal grows out of an action instituted in the district court of Rogers county by defendant in error as plaintiff, against plaintiff in error as defendant. Hereinafter the parties will be designated as they were in the trial court.

The material allegations of the petition are: That on the 29th day of May, 1911, plaintiff entered into a written contract with defendant for the purchase of certain lots in the city of Claremore, at an agreed price of $225, $71 of which was paid upon the execution of said contract, the balance to be paid in installments of $15 per month; that under and by virtue of said contract, defendant contracted and agreed with plaintiff that, upon the full and complete payment by him of said sum of $225, defendant would execute and deliver to plaintiff a good and sufficient deed to said property; that plaintiff had paid to defendant $187.01, and, prior to the institution of this action, defendant had rendered itself unable to comply with the provisions of said contract, by making, executing, and delivering to one D. L. Martin a warranty deed for said property for the sum of $300; and that therefore plaintiff had elected to treat said contract at an end, and prayed judgment against defendant for the amount paid it, together with the sum of $75, enhanced value of the lots.

To this petition, defendant demurred, which demurrer was overruled and exception saved. Thereafter defendant filed its answer, the substantial averments of which admit the transaction set out in plaintiff's petition, the payment

of $187.01 as therein alleged, and the execution of a deed to said property to said Martin. Defendant further averred in said answer that:

"On the 2d day of June, 1911, the defendant executed and delivered a warranty deed set forth and described in plaintiff's petition as 'Exhibit B,' but alleges that said deed was given by mistake, and that, at the time the same was executed, the defendant had overlooked the execution of the contract with plaintiff for the sale of said lots; and that, upon the discovery of said mistake, the defendant secured a reconveyance of said premises to it, and now is the owner of said premises; and defendant denies that the execution of said deed set forth in plaintiff's petition as 'Exhibit B' has ever rendered it impossible for the defendant to carry out its said contract with this plaintiff, or to comply with the conditions thereof."

Defendant denies that "the taking and accepting of the amount credited on said contract was or is a fraud on said plaintiff and alleges the defendant has at all times since the execution of said deed been able and willing to convey said premises to the plaintiff, upon the payment of the amounts due upon said contract, and the defendant denies that it ever received the sum of $300 from D. L. Martin, or any other person, for said lots, or any sum whatsoever in excess of the amount of the contract price to the plaintiff; and the defendant denies specifically that it has refused to convey the premises described in plaintiff's petition to the plaintiff upon the payment of the amount due thereon, and the defendant hereby tenders to the plaintiff a deed to said premises and offers to deliver the same upon the payment of the amount due thereon, to wit, the sum of $37.99."

To said answer, plaintiff interposed a demurrer, which was sustained by the court and exception saved. Defendant declined to plead further and elected to stand upon its answer. Thereupon, the court rendered judgment for plaintiff in the sum of $187.01 and costs.

There is but one question presented by this record to be considered: Did the answer state a good defense?

The demurrer to the answer admits that the sale of the lots by defendant to Martin was a mistake; that said lots had been reconveyed to defendant; that defendant had a good title to said lots, and was able and willing to make a good title thereto; that said defendant would, upon payment of the balance due upon said contract of purchase by plaintiff, execute to plaintiff a good deed to said lots; and that said defendant had not received by its sale to Martin of said lots any money in excess of the amount agreed to be paid by plaintiff to defendant for said lots.

Under the contract counted upon in the petition, all plaintiff was entitled to have was a perfect deed to the lots contracted to be purchased; and this deed he was not entitled to have until he had completed the payments contracted to be paid, which the answer avers had not been paid. The sale of the lots to Martin by mistake in no wise injuriously affected the plaintiff, and did not authorize him to abandon the contract and recover the amount paid on said contract.

Again, under the contract for the purchase of said lots, as appears from the exhibits to the petition in this case, it was provided that:

"Time is the essence of the contract of purchase, and the failure to make any payment within sixty days after it falls due will cancel this contract of purchase; and the payments previously made shall be forfeited to the company."

In *Snyder v. Johnson*, 44 Okla. 388, 144 Pac. 1035, it is held:

"Where a vendee contracts to purchase certain real estate, and, after paying a part of the purchase price,

makes default, he cannot maintain an action to recover the money so paid."

See, also, *Hansbrough v. Peck,* 5 Wall. 497, 18 L. Ed. 520; *Green v. Green,* 9 Cow. (N. Y.) 46; *Glock v. Howard & Wilson, etc.,* 123 Cal. 1, 55 Pac. 713, 43 L. R. A. 199, 69 Am. St. Rep. 17; *Downey v. Riggs,* 102 Iowa, 88, 70 N. W. 1091.

While this case is briefed as though it were an action for rescission, it is in fact one to recover damages for the breach of a contract, and the answer discloses a complete defense to said action. We are therefore of opinion that the court committed reversible error in sustaining the demurrer to the answer.

This case should be reversed and remanded.

By the Court: It is so ordered.