ELLINGHOUSE, RESPONDENT, *v.* HANSEN PACKING CO., APPELLANT.

(No. 5,074.)

(Submitted March 1, 1923. Decided March 19, 1923.)

[213 Pac. 1087.]

*Sales—Breach of Contract by Purchaser—Advance Payments— Relief from Forfeiture—Pleading.*

Trial—General Verdict—Effect on Claims of Parties.
  1. A general verdict for plaintiff is equivalent to a finding in his favor upon his cause of action and a finding against defendant upon his counterclaim or counterclaims.

Sales—Breach of Contract—Forfeiture of Advance Payment.
  2. A purchaser of property (real or personal) who has paid part of the purchase price and then wrongfully refuses to complete the transaction, the other party being ready and willing to proceed and fulfill his obligations under the contract, is not entitled to recover his advance payment.

Sales—Breach of Contract by Purchaser—Relief from Forfeitures— Pleading—Proof.
  3. Where a purchaser of property seeks to avoid forfeiture of an advance payment incurred by reason of his failure to complete his contract, he must, under section 8658, Revised Codes of 1921, allege and prove that his default was not the result of his grossly negligent, willful or fraudulent breach of duty, failure to do which deprives him of the right to invoke the rule on appeal.

*Appeal from District Court, Madison County; Joseph C. Smith, Judge.*

ACTION by Walter Ellinghouse against the Hansen Packing Company. Judgment for plaintiff, and from it and a denial of a new trial, defendant appeals. Affirmed.

Cause submitted on briefs of Counsel.

*Messrs. Kremer, Sanders & Kremer,* for Appellant.

*Mr. M. M. Duncan,* for Respondent.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

In his complaint plaintiff alleged that on February 4, 1921, he sold and delivered to defendant twenty-four head of cattle at the agreed price of $1,813.79, and that defendant failed and refused to pay for the same. By its answer the defendant admitted that plaintiff sold and delivered to it the twenty-four head of cattle described in the complaint, but denied that there was anything due on the purchase price, "as more fully appears in the affirmative defenses and counterclaims hereinafter set forth." It then set forth two counterclaims. By the first it alleged that on January 20, 1919, plaintiff contracted to sell and deliver to it 150 head of "strictly fat two and three year old steers" at $13.50 per cwt., the cattle to be delivered at Butte between April 1 and April 10, 1919; that defendant paid plaintiff $1,000 as part of the purchase price; that plaintiff failed to deliver or tender cattle of the kind or quality specified, and failed and refused to refund the $1,000 or any part thereof. In the second counterclaim defendant set forth the same facts and alleged that, by reason of plaintiff's failure to deliver the kind and quality of cattle mentioned, defendant lost profits amounting to $4,221.68.

In reply plaintiff admitted that he entered into the contract of January 20, 1919, that he received from defendant $1,000 on account of the purchase price, and that he had not repaid any part of it. All other allegations of each counterclaim were denied.

The trial of the cause resulted in a general verdict for plaintiff for the amount demanded, and judgment was entered thereon. From this judgment and from an order denying a new trial defendant appealed.

So far as the verdict finds for the plaintiff upon his cause of action and against the defendant upon its second counterclaim, no fault is found with it. These appeals present the defendant's contention that it was entitled to recover upon its first counterclaim and was entitled to have the amount thereof

set off against the amount due to plaintiff for the twenty-four head of cattle. The court, at the instance of the plaintiff, instructed the jury that, if they found that plaintiff tendered to defendant the cattle of the kind and quality described in the contract of January 20, 1919, and that defendant refused to accept the same, the defendant would not be entitled to recover the $1,000, or any part thereof. At the instance of the defendant, the court instructed the jury that, if they found that the cattle tendered by plaintiff were not of the kind or quality described in the contract of January 20, 1919, then defendant would be entitled to recover the $1,000 with interest thereon from the date of payment.

The court refused defendant's offered instruction No. 16, to the effect that from the amount to which plaintiff was entitled to recover for the twenty-four head of cattle there should be deducted $1,000, with interest from January 20, 1919. There was not any evidence that plaintiff was damaged by reason of defendant's refusal to accept the 150 head of cattle, so that the refusal of the court to give defendant's offered instruction No. 16 fairly presents the question now urged upon this court.

The general verdict was equivalent to a finding in favor of [1] plaintiff upon his cause of action (*City of Butte* v. *Mikosowitz,* 39 Mont. 350, 102 Pac. 593) and a finding against the defendant upon each of its counterclaims (*Pure Oil Co.* v. *Chicago, M. & St. P. Ry. Co.,* 56 Mont. 266, 185 Pac. 150), or, in other words, it was a finding that plaintiff complied fully with the terms of the contract of January 20, 1919, and that defendant was guilty of a breach of that contract in refusing to accept the cattle tendered. Since there is not any contention made that the evidence is insufficient to sustain the finding, it must be accepted as importing verity.

The defendant's first counterclaim is in effect a complaint by [2] defendant against the plaintiff for the recovery of the $1,000 paid  as a part of the purchase price of the 150 head of cattle, and the question for determination may be stated as follows: Is a purchaser who has paid a part of the purchase

price and then refuses to complete the transaction entitled to recover what he has advanced? At common law the authorities with singular unanimity answered the inquiry in the negative. In *Ketchum* v. *Evertson,* 13 Johns. (N. Y.) *359, 7 Am. Dec. 384, the New York court said: "It may be asserted, with confidence, that a party who has advanced money, or done an act in part performance of an agreement, and then stops short, and refuses to proceed to the ultimate conclusion of the agreement, the other party being ready and willing to proceed and fulfill all his stipulations, according to the contract, has never been suffered to recover for what has been thus advanced or done." In *Hansbrough* v. *Peck,* 5 Wall. 497, 18 L. Ed. 520 [see, also, Rose's U. S. Notes], the supreme court of the United States announced the rule in practically the same language, as follows: "And no rule in respect to the contract is better settled than this, that the party who has advanced money, or done an act in part performance of the agreement, and then stops short and refuses to proceed to its ultimate conclusion, the other party being ready and willing to proceed and fulfill all his stipulations according to the contract, will not be permitted to recover back what has thus been advanced or done." The rule has been recognized and enforced by this court in the following cases: *Perkins* v. *Allnut,* 47 Mont. 13, 130 Pac. 1; *Clifton* v. *Willson,* 47 Mont. 305, 132 Pac. 424; *Fratt* v. *Daniels-Jones Co.,* 47 Mont. 487, 133 Pac. 700; *Donlan* v. *Arnold,* 48 Mont. 416, 138 Pac. 775; *Suburban Homes Co.* v. *North,* 50 Mont. 108, Ann. Cas. 1917C, 81, 145 Pac. 2.

Counsel for defendant urge that the rule should not be enforced with the same vigor when applied to contracts for the sale of personal property as when applied to contracts for the sale of real estate, but there is not any merit in this contention. The rule was applied to a contract for the sale of personal property in *Clifton* v. *Willson,* above, and was recognized as applicable to such a contract by the supreme court of Oregon in *Hanley* v. *Combs,* 48 Or. 409, 87 Pac. 143. The rule as applied to contracts for the sale of personal property is stated in 35

Cyc. 605, as follows: "The buyer cannot recover the price paid, but will forfeit his advance payments if he wrongfully refuses to carry out the contract of sale, either by refusing to make deferred payments or wrongfully refusing to receive the goods when tendered, the seller being ready and willing to perform on his part."

The rule applies to contracts generally and the obvious reason for its existence is that it is the policy of the law to foster the observance of contracts, and not to offer a premium for their violation. Since by the verdict it has been determined that plaintiff was without fault, and that defendant was guilty of a breach of the contract in refusing to accept the cattle tendered, it follows that defendant must now predicate its right to recover upon its own wrongful act, and this it may not do. (*Gibbons* v. *Hayden,* 3 Kan. App. 38, 44 Pac. 445.)

Finally it is contended by counsel for defendant that section [3]   8658, Revised Codes of 1921 (sec. 6039, Rev. Codes 1907), modifies the rule above and affords an opportunity to defendant to obtain the relief here sought. That section reads as follows: "Whenever, by the terms of an obligation, a party thereto incurs a forfeiture, or a loss in the nature of a forfeiture, by reason of his failure to comply with its provisions, he may be relieved therefrom, upon making full compensation to the other party, except in case of a grossly negligent, willful, or fraudulent breach of duty."

The general rule announced above was the rule recognized and enforced at common law. Courts of equity early departed from it, and in many instances relieved parties from forfeitures or losses in the nature of forfeitures. However, the relief was uniformly refused if the defaulting party's violation of the contract was the result of gross negligence or was willful and persistent, and this upon the theory that he who asks aid from a court of equity must himself be free from inequitable conduct with respect to the same subject. (1 Pomeroy's Equity Jurisprudence, 4th ed., secs. 51, 452.) This equitable doctrine, in substance at least, has been transferred quite generally into

the law of the American states and in this jurisdiction is expressed in section 8658, above.

In *Donlan* v. *Arnold,* above, this court said: "In *Clifton* v. *Willson,* 47 Mont. 305, 132 Pac. 424, attention was called to the rule at common law which denied recovery for payments made or acts done by one who has stopped short of full performance of his contract, and to the circumstance that whenever relief was attainable it became so by virtue of the rule of equity against forfeitures; that the rule against forfeitures, so far as this state is concerned, is expressed in section 6039 of our Codes, and a party seeking its benefit must by his pleading and proof bring himself within it."

In *Clifton* v. *Willson,* above, the section was construed as follows: "By its terms it applies to those cases in which a plaintiff has incurred a forfeiture of payments already made or of the value of some act done in part performance of the contract, by a breach in failing fully to perform, and is seeking relief therefrom. It is based upon the principle that he who seeks equity must do, or offer to do, equity; and to obtain relief he must by his allegations and proof bring himself within its purview. * * * Manifestly, therefore, the purpose of the section is to provide a remedy by which the party in default may have relief, if he can allege and prove facts and circumstances upon which, in equity and good conscience, he should have relief from the consequences of his own default, and which also excuse him from the imputation of gross negligence, or willful or fraudulent breach of duty."

Again, in *Fratt* v. *Daniels-Jones Co.,* above, the same section came under consideration, and concerning its provisions we said: "Whatever may be the correct interpretation of the language of that section, this much is apparent: The very minimum requirement is that the party invoking the protection afforded by that section must set forth the facts which will appeal to the conscience of a court of equity."

In *Suburban Homes Co.* v. *North,* above, the same doctrine was announced as follows: "One who has been guilty of a

breach of his contract, by stopping short of full performance, cannot ordinarily recover payments, or any part thereof, made prior to the breach; nor can he do so under any circumstances, unless, within the rule of the statute, upon full compensation to plaintiff (Rev. Codes, sec. 6039), he can allege and prove that the default was not the result of his 'grossly negligent, willful or fraudulent breach of duty.' ''

Under that rule it is altogether immaterial that the contract here involved does not provide specifically for a forfeiture of the money advanced. (*Clifton* v. *Willson,* above.) Defendant did not invoke the provisions of section 8658 in the court be- low and may not do so now.

In *Clifton* v. *Willson* it was the plaintiff who sought to re- cover payments made upon a contract to purchase sheep, and concerning the case made by him this court said: ''While he is seeking to recover his advance payments as a part of the compensation due him, the plaintiff assumes to stand strictly upon his legal rights, risking his chance of ultimate recovery exclusively upon his alleged ability to show that his loss has been due to defendant's failure to deliver the ewes according to his agreement.'' So likewise in this instance defendant did not plead or offer to prove any facts tending to relieve it from the consequences of its own fault, but stood strictly upon its legal rights, risking its chance of recovery upon its ability to satisfy the jury that plaintiff failed to tender cattle of the kind and quality described in the contract of January 20, 1919. Having failed in this respect, it failed to make out its counter- claim.

The instructions given presented the issues fairly, and the court did not err in refusing to submit defendant's offered in- struction No. 16.

The judgment and order are affirmed.

*Affirmed.*

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES COOPER, GALEN and STARK concur.