## KYGER v. CAUDILL.

No. 12126— Opinion Filed April 7, 1925.

Rehearing Denied Dec. 1, 1925.

1. **Homestead—Sale Contract—Partial Payment as Liquidated Damages—Invalidity of Contract—Recovery· of Vendee's Payment Where Vendor Ready to Perform.**

Where the vendee contracts in writing with the vendor to purchase his homestead property and makes a partial payment at the time the contract is executed and the contract provides a definite time for payment of the balance due and for forfeiture of amount paid as liquidated damages if default is made in payment of balance due, the contract is void, under section 5240, Comp. St. 1921, but the vendee cannot default in payment provided by the contract and recover the amount paid, where the vendor and his wife are ready and willing to live up to the contract and offer to convey the property upon full payment being made.

2. **Trusts—Recovery of Payments Made by Vendee Under Special Agreement.**

Where the vendee contracts with the vendor as above stated and makes a partial payment, and, before the date for full payment, notifies the vendor that he cannot pay for the property and offers to forfeit the amount paid and asks to be released from the contract, and the vendor proposes to assist the vendee in raising the money to pay for the property and promises the vendee that he shall not lose anything in the transaction and the vendee, relying upon this proposal to assist and promise that he would not lose anything, makes other payments, less than the full amount, and, after exhausting all his resources and the assistance of the vendor, is unable to pay the whole amount due, the amount paid. under this agreement. may be recovered by the vendee as money held in trust for him by the vendor.

3. **Vendor and Purchaser—Action to Recover Payments Under Contract for Forfeiture—Recovery of Damages by Vendor.**

Where a contract for purchase of real estate provides for forfeiture of partial payments in case of default of full payments, and the vendee makes default in full payment and sues to recover the partial payments and the vendor pleads the provision of forfeiture in the contract and that he has been damaged and offers proof in the trial as to the same, the court may award him such damages as the evidence shows he is entitled to, not to exceed the amount provided for in the contract.

(Syllabus by Threadgill, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Osage County; Preston A. Shinn, Judge.

Action by Josephine M. Caudill against T. P. Kyger to recover money held in trust. Judgment for plaintiff, and defendant appeals. Affirmed.

M. R. Museller and Grinstead & Scott, for plaintiff in error.

Wilson, Murphy & Duncan, for defendant in error.

Opinion by THREADGILL, C. This action was brought by Josephine M. Caudill, as plaintiff, against T. P. Kyger, as defendant, in the trial court to recover $5,050 claimed as due her by reason of a void contract and circumstances she could not control and her failure to pay the sum of $25,000 for certain lots and improvements in the city of Pawhuska, being the homestead property of the defendant, $250 of the $5,050 being paid to the defendant on February 4, 1918, pursuant. to a written contract of sale of that date between the parties, which was not signed by the wife of defendant, and which provided that plaintiff should pay the balance of the $24,750 on February 14, 1918, and failure to make the payment should forfeit the initial payment of $250; and the $4,800 having been paid pursuant to a verbal agreement, made after the written agreement, and upon the offer of plaintiff to forfeit the $250 and give up the sale, that defendant was to assist her in procuring the money to pay for the property and telling her that she should not lose a nickel in the transaction and that he would rather she would have the property than any one else. Under the verbal agreement she claims that she made two payments, one of $1,800 by giving a lease on her farm for five years and one of $3,000, money she borrowed from a friend, and failing to raise the other money and seeing that it 'was impossible for her to make the payment, she gave up the sale and again offered to forfeit the initial payment of $250 and demanded the return of $4,800, which the defendant refused. Defendant made the defense that there was but' one contract and that was the written contract and the verbal agreement only affected the written contract in extending the time, and the provisions for forfeiting all payments made as liquidated damages apply not only to the $250, but to the $4,800. A jury was waived and the cause tried to the court and resulted in judgment in favor of plaintiff for $4,800, and defendant has appealed asking for a reversal upon eight assignments of error, the principal one of which is that the evidence is not sufficient to sustain the judgment. and all of which he discusses under five general propositions.

1. The first proposition is stated as follows:

"Where a vendee contracts to purchase certain real estate and after paying part of the purchase price, makes default, he cannot recover the money paid even though the property in question be the homestead and the contract of sale was not signed by wife of vendor."

In support of this proposition defendant cites the following cases: Schechinger v. Gault et al., 35 Okla. 416, 130 Pac. 305, 1914D, Ann. Cas. 468; Baker v. Haswell & Taylor, 36 Okla. 429, 128 Pac. 1086; Martin v. Spaulding et ux., 40 Okla. 191, 137 Pac. 882; Helm v. Rone, 43 Okla. 137, 141 Pac. 678; Hurley v. Anicker, 51 Okla. 97, 151 Pac. 593, L. R. A. 1918 B, 544; Snyder v. Johnson, 44 Okla. 388, 144 Pac. 1035; Price v. McDowell, 52 Okla. 608, 153 Pac. 649; Weller v. Dusky, 51 Okla. 77, 151 Pac. 606; Beatty v. Wintrode Land Co. et al., 53 Okla. 118, 155 Pac. 574; Claremore Townsite Co. v. Burke, 56 Okla. 169, 155 Pac. 897; Kershaw v. Hurtt, 66 Okla. 117, 168 Pac. 202.

Defendant pleaded and proved that he and his wife prepared a warranty deed and were ready and willing to deliver same to plaintiff at any time she paid the price for the property, and that they had been ready and willing to do this at all times since February 14, 1918.

We think the cases cited fully sustain defendant's proposition, and if there were no other questions involved in the case than the written contract and money paid under its terms we would be forced to reverse the judgment.

2. But the record discloses that plaintiff stated in her petition that she found after making the written contract and after she had paid the $250 that she could not raise the money to pay the $25,000, and, before February 14, she so informed the defendant, and then they made a verbal agreement, in which it was not required that she pay the whole amount cash, but by which she could pay $1,800 and another payment of $3,000, and then it was agreed that they would determine what could be done about the remainder, and, thereupon, she paid the $1,800 on February 13, and $3,000 on February 21, 1918. She states that, after making these payments, she found she was wholly unable to comply with this agreement; that it was not due to negligence or fraud, on her part, but to the fact that she could not get the money. She testified that she went to the defendant about February 10, or 11, 1918, and told him she could not pay the balance on the property and she would make a forfeiture of the $250 paid at the time the written contract was made and give up the purchase, and the defendant said to her that she should not lose a nickel on his account, and to quote the language of her testimony:

"And he told me that I should not lose a nickel on his account, that he would help me pay for this home, that he would rather see me have it than any one, and that I wouldn't lose a nickel on this,—he would treat me just as my father on this occasion and that he would help me raise this price."

She stated further that he procured a tenant on her land, including her homestead (she was an Osage restricted Indian), for five years, for a cash consideration of $1,800, with the understanding that the money was to be applied on their agreement, and in this way she raised the $1,800, which she paid; she stated further that she borrowed $3,000 from a friend, and paid the $3,000 on the agreement; she stated further that, in carrying out the verbal agreement, she was to get her restrictions removed and give a mortgage on her lands, and he was to assist her in that matter. She said that she was also to go to Oklahoma City to see if she could raise some money, and she failed to get her restrictions removed and failed to get any money on her trip to Oklahoma City. She stated that, after she paid the $1,800 and the $3,000, under the defendant's advice she tried to get her restrictions removed, and the defendant told her if she could get as much money as $10,000, in addition to what she had already paid, to pay on the property, he would carry her for the balance by taking a mortgage on the property.

On the issue of the verbal agreement, claimed by the plaintiff, the evidence tends to prove that plaintiff abandoned the terms of the written agreement and offered to forfeit the $250 and be released, and then it was the parties entered into the verbal agreement. Defendant procured a tenant for her lands for five years for $1,800 and she borrowed $3,000 from a friend, all of which she paid; and the defendant, carrying out his promise to help her, advised that she get her restrictions removed and mortgage the lands and by this means raise $10,000 in addition to the amount already paid and he would let her have the property and take mortgage for the balance in the sum of about $10,000. She tried to do this, but failed. It seems the Indian Department could not see how she would be benefited. The defendant was to help her get the

money, because he was anxious that she should have the home, and she, poor soul, did everything he advised and everything she could to get the money, as she was willing to pay the price to get the home, but they both failed to get the money and she could not pay and the defendant promised her at the outset of this verbal agreement, when he refused to take the forfeiture that she offered him, that she should not lose a nickel and the trial court held him in part to this agreement, and we think this was right.

The general rule supported by authorities is "That a person is held to a representation made or a position assumed, where otherwise inequitable consequences would result to another who, having the right to do so under all the circumstances of the case, has, in good faith, relied thereupon." Pomeroy's Equity Jurispurdence, sections 802, 803; 10 R. C. L. sec. 19, pages 688 to 691; Schaeffer v. Miller (Mont.) 109 Pac. 970.

3. The defendant tendered the issue of damages in his answer and offered evidence to prove the same. He claimed that the sale of the property was through a real estate agent, whom he paid $1,000 commission after the written contract with the plaintiff was made; that his wife and two children were residing in San Antonio, Tex., where the children were in school, and he was at a great expense in having his wife come with the children so she could sign the deed on February 14, 1918; that he bought a home in Arkansas City, Kan., at a great expense in prospect of giving up the one sold, and his wife and children moved from Texas to reside in the new home in Kansas, where the children were continued in school, and all an extra expense to him. The evidence as to these expenses shows that he paid the real estate agent $1,000 in cash and the agent let him have $500 worth of oil stock; that the expenses of the children, in school and in traveling from San Antonio, Tex., to Pawhuska, Okla., and to Arkansas City, Kan., were paid out of their money by their guardian; that he paid his wife's expenses; that it was not certain if the home in Arkansas City was bought before the sale of the property in Pawhuska; that the loss of time from looking after the business of his ranch in dealing with the plaintiff was negligible. The court seems to have considered the question of damages under sections 5968, 5969, and 5976, Comp. Stat. 1921, for the purpose of awarding such damages as were claimed and proved by the defendant, and, upon this theory, the court awarded him $1,050, which we think was amply sufficient to cover all the actual damages suffered by the defendant.

However, under the verbal agreement by which plaintiff paid the $4,800, we do not think defendant was entitled to anything, and, at the most, was entitled to only the $250 paid under the written contract, but the plaintiff is not making any complaint of the judgment, and it should stand as rendered by the court.

The other propositions of law discussed by the defendant are based upon his first proposition, but taking the view we do of the case, we do not deem it neccessary to consider them.

We, therefore, recommend that the judgment of the trial court be affirmed.

By the Court: It is so ordered.

Note.—See under (1) 39 Cyc. p. 2027. (2) 39 Cyc. p. 2027. (3) 39 Cyc. p. 2072 (1926 Anno).