Nonies **PARNACHER**, Devet Parnacher, Nannie Parnacher, now Johnson, and Salina Scott, Plaintiffs in Error,

v.

Houston B. **MOUNT**, Executor of the Estate of Liesiny Walton, Deceased, Defendant in Error.

No. 37026.

Supreme Court of Oklahoma.

Nov. 20, 1956.

Rehearing Denied Jan. 8, 1957.

Hal Welch, Hugo, and Turner M. King, ·Carloss Wadlington, Ada, for plaintiffs in ·error.

Claude V. Thompson, C. L. McArthur, Hobert G. Orton, Ada, for defendant in ·error.

BLACKBIRD, Justice.

This is the second appeal in this case. For the first one, see Parnacher v. Mount, 207 Okl. 275, 248 P.2d 1021. Both appeals ·concern the will of Liesing Walton, a full blood Chickasaw Indian, who died a resident of Pontotoc County, Oklahoma, ·on February 12, 1949. Said testatrix' will ·disinherited her children and natural heirs, and, except for small money bequests, left ·her estate, including her homestead allot-ment, to a nonrelated white man, named Houston B. Mount, who was therein also named executor.

The first attempt at obtaining approval of said will by either a county judge or United States Commissioner, as provided by federal law, Act May 27, 1908, 35 Stat. 312, 315, was unsuccessful when the Honorable Moss Wimbish, County Judge of Pontotoc County, refused to approve it. Thereafter, in September, 1945, the testatrix, with her attorney and the two persons who attested said will's execution, appeared before the County Judge of Garvin County and obtained its approval by him, all as more fully appears from the report of our opinion in Parnacher v. Mount, supra.

After the testatrix' death, the aforementioned devisee and executor, Mount, filed the will for probate in the County Court of Pontotoc County. When the aforementioned disinherited natural heirs, plaintiffs in error herein, contested it, said court refused to admit the will to probate. Upon Mount's appeal to the District Court, said court reversed the county court; and named him executor of the estate. This latter judgment was affirmed in Parnacher v. Mount, supra.

Thereafter, when, at the close of the administration proceedings in the County Court, Mount filed his final account and petition for distribution of the estate, in accord with the terms of the testatrix' will, plaintiffs in error, hereinafter referred to as contestants, filed objections thereto on the same ground upon which they had· objected to the will's admission to probate, i. e., that it had not been approved by a county judge, as contemplated by 35 Stat. 312, supra. This time, the county court overruled said objections and entered its decree approving Mount's final account and ordering distribution, as he had prayed for. Upon contestant's appeal to the district court, said court affirmed the county court; and the case is again before this court on contestant's present appeal from the latter judgment.

Mount, appearing herein as defendant in error, and hereinafter referred to as proponent, contends that the issue here has already been decided by this court in Parnacher v. Mount, supra; and is now res judicata. The contestants deny this. They advance the theory that under 35 Stat. 312, supra, county judges of Oklahoma have "concurrent jurisdiction" to approve or disapprove wills of full blood Indians, and that the first one, who exercises such jurisdiction, does so to the exclusion of all others, thus rendering his decision of approval, or disapproval, final as to a particular will. Contestants say that their present advocacy of it is the first time this particular theory has been advanced, or considered, by any court in any proceeding concerning this estate; and, that, therefore this court's opinion in Parnacher v. Mount, supra, does not render the issue res judicata here. They further urge that even if said opinion is determinative of the issue here, it should be overruled.

We find no merit in contestant's argument. By the first paragraph of the syllabus in Parnacher v. Mount, supra [207 Okl. 275, 248 P.2d 1022], we held that 35 Stat. 312, "does not specify *what* County Judge" shall have authority to approve wills of full bloods and that *any* county judge of Oklahoma may approve such a will, "*regardless* of failure to approve by any other County Judge to whom previously submitted." (Emphasis ours.) In the body of that opinion, after quoting the portion of the Federal Act directly involved, this court, 248 P.2d at page 1024, said:

"* * * We think the authority given to County Judges by the above Act is not such as to render the action of the first one to whom a will is submitted final and binding upon all other County Judges in the state. * * *"

In that opinion we referred to another provision of the Act dealing with approval of conveyances of full blood Indian heirs, and, upon noting its designation (for such approval) of the County Court having jurisdiction to administer the decedent's

estate, we further said: "Surely such a provision would have been inserted in the above quoted section of the Act if it had been intended to restrict approval * * * to any single or particular County Judge." It will thus be seen that this court there decided adversely to the contestants, the exact issue which they have again raised, and are attempting to re-litigate, in the present proceedings and appeal. In 50 C.J.S., Judgments, § 712c, it is said:

"If a point or question was in issue and adjudicated in a former suit, a party bound by the judgment cannot escape the estoppel by producing at a second trial new arguments * * * in support of the proposition which was decided adversely to him."

In Metropolitan Life Ins. Co. v. Pribble, Tex.Civ.App., 130 S.W.2d 332, it was held:

"A judgment rendered by a court having jurisdiction of the parties and subject matter * * * is conclusive and indisputable evidence concerning all rights, *questions,* or facts put in issue in the suit and actually adjudicated therein when they come again into controversy between the same parties or their privies in proceedings on the same or a different cause of action. ..

"Where a point or question was in issue and adjudicated in a former suit, a party bound by the judgment cannot escape the estoppel thereof by producing at a second trial new arguments * * * in support of the proposition which was decided adversely to him." (Emphasis ours.)

See also American Jurisprudence, Vol. 30, "Judgments", sec. 178, pages 923, 924, and Vol. 3, "Appeal and Error", sec. 985. Of similar import and like effect are the previous decisions of this court. See, for instance, Uncle Sam Oil Co. v. Richards, 73 Okl. 248, 175 P. 749, cited and quoted in Eaves v. Busby, Okl., 268 P.2d 904; and Benson v. Fore, 136 Okl. 185, 276 P. 742, 64 A.L.R. 154.

In view of the foregoing, we must conclude that the opinion in Parnacher v.

Mount, supra, renders the issue presented in this appeal res judicata.

We have also considered contestant's contention that our opinion in that case should be overruled, but they have made no convincing demonstration that, what we there said and held with reference to said issue, is incorrect or unsound in any respect. We therefore refuse to disturb that opinion.

The judgment of the trial court is therefore affirmed.

CORN, DAVISON, HALLEY, JACKSON and CARLILE, JJ., concur.

WILLIAMS, V. C. J., concurs in result.

JOHNSON, C. J., and WELCH, J., dissent.