Clyde MASSEY, Plaintiff in Error,

v.

Zeb LOVE d/b/a Farmers Feed and Seed
Store, Defendant in Error.

No. 42022.

Supreme Court of Oklahoma.

Oct. 20, 1970.

As Amended Jan. 18, 1971.

Rehearing Denied Jan. 20, 1971.

Shirk, Withington, Work & Robinson, Oklahoma City, for plaintiff in error.

Allen G. Nichols, Wewoka, Fenton, Fenton, Smith, Reneau & Moon, Oklahoma City, for defendant in error.

JACKSON, Justice:

Zeb Love, doing business as Farmers Feed and Seed Store, owned a retail feed and seed store in Wewoka, Oklahoma. Clyde Massey, plaintiff, and Zeb Love, defendant, entered into an oral agreement whereby Massey agreed to buy the stock in trade, fixtures and equipment and to rent the building. Plaintiff Massey paid $2,000.00 down and contended that this amount constituted the full purchase price. Defendant Love contended that he was to receive $2,000.00 plus the wholesale value, or actual cost, of the feed and seed in the store at the time of delivery 'to Massey. After an inventory was taken Love demanded payment for the seed and feed as reflected by the inventory, approximately $6,400.00. Massey declined to make this payment and Love demanded possession of the store, its equipment and the stock in trade. Massey surrendered his possession of the store and brought this action to recover the $2,000.00 payment and other smaller items.

In defendant Love's answer he alleged the $2,000.00 was paid to him as "good faith money" or otherwise known as "liquidated damages if the contract was not carried out by the plaintiff as agreed." In his cross-petition Love alleged that he was damaged in various ways and that because of the nature of the transaction "it would be impracticable and extremely difficult to fix and determine his actual damages." He pleaded the provisions of 15 O.S.1961, Section 215, and prayed that he be permitted to retain the $2,000.00 as liquidated damages, together with other smaller items.

After trial to the court without a jury the court found, after hearing evidence in support of plaintiff's petition and defendant's answer and cross-petition, that the defendant was entitled to retain the $2,000.00 "as damages for the breach of said contract by plaintiff." Having recovered the $2,000.00 judgment on plaintiff's petition the defendant announced he would dismiss his cross-petition without prejudice. From this judgment plaintiff Massey has appealed upon the original record. 12 O.S.1961, Sections 956 through 956.11.

There inheres in the judgment of the trial court a finding that Massey agreed to pay $2,000.00 plus the inventory value of (actual cost) of the merchandise in the store, and that Massey breached the contract. The evidence supports that conclusion and to that extent the judgment of the trial court is affirmed.

The decisive question is whether the trial court erred in permitting Love to retain the $2,000.00 as damages for Massey's breach of the contract. Applicability of the Commercial Code is not asserted.

Defendant invites attention to Helm v. Rone, 43 Okl. 137, 141 P. 678, Snyder v. Johnson, 44 Okl. 388, 144 P. 1035, Toomey v. Sporn, 145 Okl. 38, 291 P. 22, Hudson v. Elliott, 207 Okl. 676, 252 P.2d 482, Diehl v. Welsh, Okl., 393 P.2d 834, and King v. Oakley, Okl., 434 P.2d 868, for the rule that—

"A vendee who has advanced money, or has done an act, in part performance of an executory contract of sale, and then stops short and refuses to proceed to its ultimate conclusion, the vendor being willing and ready to proceed and fulfill all his stipulations according to

the contract, will not be permitted to recover back the money thus advanced."

It is noticed that all of the cited cases deal with real estate transactions wherein the vendee was attempting to recover back the money advanced.

In Mid-Continent Life Ins. Co. v. Goforth, 193 Okl. 314, 143 P.2d 154, we said it is a general rule that a provision of a contract which undertakes to fix a penalty as liquidated damages for failure to receive and pay for real property, as contracted for, is void, if the actual damages which may be suffered by the seller through the breach are capable of proof. We also said:

"Although our attention has been directed to no case from this court where the rule has been applied to transactions for the sale of real property, it has often been applied where sales of personal property were involved." (citing cases —see also 6 Okl.Law Rev.P. 363).

In 15 O.S.1961, Sections 213, 214, and 215, it is provided in substance that contracts which impose penalties for any nonperformance, or breach of an obligation, are void, except when, from the nature of the case, it would be impracticable or extremely difficult to fix the actual damage.

In J. I. Case Plowworks v. Stewart, 70 Okl. 210, 173 P. 1048, we applied the statutory rule and held therein that a provision for liquidated damages was void, "unless it would be 'impracticable or extremely difficult to fix the actual damage' arising from the breach of such contract." In Waggoner v. Johnston (1965), Okl. 408 P.2d 761, we said that under 15 O.S.1961, Secs. 213, 214, and 215, "the burden of establishing that the damages were difficult of ascertainment rests on the party seeking the enforcement of the liquidated damage clause, and the fact the parties have expressly stated in the contract that the damages are difficult to determine does not shift the burden of proof on this issue."

The appeal in this case was upon the original record. The plaintiff in error, Massey, directed the court reporter to transcribe so much of the testimony as Massey thought necessary to present the errors set forth in his petition in error. After the appeal was filed in this court the defendant in error, Love, filed a motion to require Massey to file a complete transcript of *all* of the evidence presented to the trial court. This court denied that motion but directed the trial court to include in the transcript all portions of the testimony designated by Love upon his advancement of the costs. 12 O.S.1961, Section 956.6. Thereafter Love filed a motion requesting this court to reconsider its former order. We denied the motion but authorized Love to elect whether he would cause that portion of the testimony designated by him to be included in the transcript. He declined to avail himself of that opportunity.

█ As the record now stands we find no evidence in support of defendant's allegation that it would be impracticable or extremely difficult to determine the actual damages sustained by him by reason of plaintiff's breach of contract. The burden was upon the defendant to make such proof. Waggoner v. Johnson, supra. The burden was also upon defendant under the provisions of 12 O.S.1961, Sec. 956.6, and our order, to provide this court with a transcript of the testimony designated by him. We declined to require appellant (Massey) to provide a complete record as authorized by the provisions of 12 O.S. 1961, Sections 956.6 and 959.

█ The cases cited by defendant for the proposition that it is the duty of the appellant to provide this court with a complete transcript of the testimony are cases wherein the appeals were by case-made. They are not controlling in an appeal upon the original record under the procedure followed herein.

The judgment of the trial court is affirmed insofar as it holds that the plaintiff breached the contract.

█ The judgment is reversed insofar as it allows damages in the sum of $2,000.-00, with directions to conduct a new trial

on the question of damages. Actual damages will be the measure of damages, 23 O.S.1961, Sec. 21, unless the proof shows that the parties agreed upon liquidated damages and that it would be impracticable or extremely difficult to fix the actual damages arising from the breach.

WILLIAMS, HODGES, LAVENDER and McINERNEY, JJ., concur.

IRWIN, C. J., BERRY, V. C. J., and DAVISON and BLACKBIRD, JJ., dissent.

BLACKBIRD, Justice (dissenting) :

I cannot concur in the Majority opinion's partial reversal of the trial court's judgment. I agree that the opinion is correct in affirming that court's holding that defendant breached the parties' contract.

It must be remembered that, when plaintiff instituted this action against defendant, he was a vendee under an executory contract of sale, who (as defendant's answer alleged, and the trial court determined) had made a down payment of $2,000.00 under the contract, and, despite his breach of the contract in failing and refusing to pay defendant the rest of the contract price, was attempting, by this action, to compel defendant to return the down payment. In such a fact situation, plaintiff just had no cause of action for the recovery of it, as the trial court, in effect, adjudged—for there is no better established principle of law in this jurisdiction, and the majority of others, than the one expressed in the syllabus of Helm v. Rone (1914), 43 Okl. 137, 141 P. 678, as follows:

"Where a vendee pays money in part performance of an executory contract of sale and fails to perform it, he cannot recover of the vendor the money so paid."

This principle has been consistently adhered to by this Court down through the years. See King v. Oakley, Okl., 434 P.2d 868, Diehl v. Welsh, Okl., 393 P.2d 834, and other Oklahoma cases cited in the annotation at 31 A.L.R.2d 8, 98. As to the rule, generally, notice 55 Am.Jur., "Vendor and Purchaser", § 535, and 21 A.L.R.3d 1330.

In following plaintiff's suggestion, by setting aside the trial court's judgment, insofar as it denied him recovery of his down payment and remanding the case to the trial court with directions to conduct a new trial on the question of defendant's damages, it appears to me that the Majority is probably embarking upon a futile endeavor. Defendant's dismissal of his cross-petition seeking damages in the trial court can only be viewed as indicating that he does not want damages, or does not want to undertake proving them. As the record now stands, it would appear that all the defendant now wants to do is to keep plaintiff's down payment. This, under the above quoted principle of law, he has a right to do, on the basis of the Majority's affirmance of the trial court's holding that plaintiff breached the parties' contract in refusing to pay the balance of the store's purchase price. I do not know how this Court, or any other court, can compel defendant to seek damages (at a directed partial new trial for that purpose) if he declines to do so. Under the cited principle, and the previous adjudication of the Majority and of the trial court, that plaintiff has breached the contract, it seems to me that defendant would be entitled to have his petition upheld and plaintiff denied recovery of his down payment—as the trial court has already done—simply by a demurrer to plaintiff's claimed cause of action on the ground of res judicata (in this connection, notice the discussion in Parnacher v. Mount, Okl., 306 P.2d 302, 304) without pleading or introducing any proof of his damages.

Apropos of the subject under discussion, the Supreme Court of Colorado, in the case of Thach v. Durham, 120 Colo. 253, 208 P.2d 1159, 11 A.L.R.2d 690 (at page 1163 of the Pacific Reporter), quotes 2 Williston On Sales, 2d Ed., p. 1502, § 599, with reference to the principle of law, to which I have shown this Court and the

majority of courts are committed, and continues as follows:

"Williston states, following the above quotation, that 'the application of this principle may involve serious forfeiture, and the application of equitable principles should require, where this is clearly established, an accounting for the excess of what was received by the seller in excess of the damage which he suffered.' *However, in the only case cited as supporting such rule, the statement is pure dictum.* Such a requirement would place on the seller willing to perform his contract the burden of establishing the amount of his damage, which might frequently be uncertain and impossible of accurate determination; it would require him to hold payments received on the purchase price available for refund in case the purchaser tired of his bargain; in brief, *it would deprive the seller of the protection which it was the very purpose of the down payment to furnish; it would encourage the violation of contracts and promote litigation.*" (Emphasis added)

In a frantic effort to escape the consequences of his own breach of the parties' contract and to invoke this Court's aid in recovering the down payment as a reward for his own wrong, plaintiff refers to the principle of law which denies him such reward (and the aid of the courts in obtaining it) as the "Land Contract Rule", and suggests that it applies only to contracts for the sale of realty; and the Majority opinion notes that the Oklahoma cases *it* cites "deal with real estate transactions * * *". In Ellinghouse v. Hansen Packing Co., 66 Mont. 444, 213 P. 1087, it was contended that the rule should not be applied to contracts for the sale of personal property in the same way as it is applied to contracts for the sale of real estate, but the Court stated: " * * * there is not any merit in this contention"; and it proceeded to demonstrate the truth of that statement.

In launching into a discussion of cases such as Mid-Continent Life Ins. Co. v. Go-forth, 193 Okl. 314, 143 P.2d 154, J. I. Case Plowworks v. Stewart, 70 Okl. 210, 173 P. 1048, and Waggoner v. Johnston, Okl., 408 P.2d 761, involving contracts ("which impose") prescribing penalties for their breach (or "non-performance"), and statutory provisions such as 15 O.S.1961, §§ 213, 214, and 215, without showing their relevance to the present case or its contract (which contained no such penalty provision), and without demonstrating how these cases and statutes constitute any obstacle to applying the well-settled principle denying one who has breached his contract the aid of the courts in seeking a return of his down payment, the Majority opinion seems to have followed plaintiff's further suggestion that this principle is inconsistent with, and has been superseded by, those cases and statutes.

That the rule which the trial court (following all previous precedent in this jurisdiction) obviously applied in denying plaintiff recovery against defendant, *has no relation to cases or statutes involving contracts with provisions for forfeiture, or liquidated damages, is shown by the following statement of the Court in Thach, supra:*

"The rule as laid down by the decisions seems to exist *independent of any provision in the contract for forfeiture or liquidated damages.*" (Emphasis added)

If the rule was ever intended to be superseded by statutes such as Sections 213, 214, and 215, supra, all of which had their origin in the 1887 Dakota Laws, it is passingly strange that the courts of the two Dakotas have ignored them in deciding cases like the present one. See, for instance, the early case (1909) of Hendrickson v. Anderson (S.D.), 23 S.D. 78, 120 N.W. 765, *wherein plaintiff was denied recovery of a down payment he had made on the contracted purchase of a store from the defendant,* at a time when South Dakota had statutes identical with Sections 213, 214, and 215, supra. See Dakota Codes, 1887, and South Dakota Compiled Laws, 1967, Ann., Sections 53–9–4 and 53–9–5.

If this Court is not going to apply the above cited principle of law, with its salutary purposes and effects recognized in Thach and Ellinghouse, supra, and in the majority of other jurisdictions, then it should specifically (rather than by implication) overrule all of the previous cases I have referred to, but recognize the doctrine of stare decisis and totally (instead of partially) affirm the trial court's judgment, rather than depriving defendant of the benefit of said judgment on the basis of a sudden and unanticipated change to the minority rule, retroactively applied. Justice compels that, when we change a rule of law, it should be done prospectively. We have recognized this in other cases. See, for instance, American-First Title & Trust Company v. Ewing, Okl., 403 P.2d 488, 496.

I think the trial court's judgment should be affirmed en toto.

For the foregoing reasons, I respectfully dissent.